# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **JEREMY J. HERRON,** § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Civil Action No. 3:15-CV-2066-D |
| § | |
| **REPUBLIC SERVICES a/k/a REPUBLIC** § | |
| **SERVICES OF CORSICANA a/k/a** § | |
| **REPUBLIC SERVICES, INC. a/k/a** § | |
| **ALLIED WASTE SERVICES a/k/a** § | |
| **ALLIED WASTE SERVICES, INC. a/k/a** § | |
| **ALLIED WASTE SERVICES OF** § | |
| **CORSICANA a/k/a ALLIED WASTE** § | |
| **SYSTEMS, INC.,** § | |
| *Defendant* § | |

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Jeremy J. Herron, complains of Republic Services a/k/a Republic Services of Corsicana a/k/a Republic Services, Inc. a/k/a Allied Waste Services a/k/a Allied Waste Services, Inc. a/k/a Allied Waste Services of Corsicana a/k/a Allied Waste Systems, Inc., hereinafter referred to as Defendant, and, after having received leave of Court, files this Third Amended Original Complaint, and for such would show the Court and Jury the following:

### Parties/Jurisdiction

1.   Plaintiff is Jeremy J. Herron, an individual. Defendant does business in Navarro County, Texas. The registered agent for Defendant is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2. The incidents in question occurred at Defendant's location in Navarro County, Texas.

3. Defendant is one or more entities with which Plaintiff was employed and was discharged from employment on or about September 5, 2014.

4. Plaintiff originally brought suit under the authority of Texas Rule of Civil Procedure 28, which allows any partnership, unincorporated association, private corporation, or individual doing business under an assumed name to sue or be sued in its partnership, assumed or common name. Plaintiff brings this suit against the entity with which Plaintiff was employed and was discharged from employment on September 4, 2014.

5. At all times relevant to this suit, Defendant did business at 3029 S. 15th Street, Corsicana, Texas and used the common and/or assumed names: Republic Services, Republic Services of Corsicana, Republic Services, Inc., Allied Waste Services, Allied Waste Services, Inc., Allied Waste Services of Corsicana and/or Allied Waste Systems, Inc. while employing Plaintiff. Therefore, Plaintiff uses those names in this suit against the true entity or entities that employed, injured, discriminated against, and discharged Plaintiff from employment with it. Defendant has alleged in it's removal of this case to this Federal Court that the correct Defendant name is "Allied Waste Systems, Inc. d/b/a Allied Waste Services of Corsicana/Republic Services of Corsicana." Defendant has answered Plaintiff's Original Petition in state court and has removed this suit to this federal court. Plaintiff will await further discovery and sworn testimony in this case before removing the other alleged names of Defendant but will amend to reflect the true name at a later date.

Defendant is a foreign corporation in that its citizenship is not in the State of Texas and therefore, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## Facts

6.     Plaintiff was an employee of Defendant as a worker at Defendant's Navarro County, Texas location. Plaintiff worked as a full time employee of Defendant from September 8, 1997 until he was discharged on or about September 5, 2014.

7.     Plaintiff developed carpal tunnel syndrome in his right wrist as a result having to apply great force to a defective latch on the equipment owned and supplied by Defendant for Plaintiff to use on the job while working for Defendant.

8.     The carpal tunnel syndrome substantially impaired his right wrist resulting in pain, aching, cramping in the wrist and forearm, decreased dexterity, loss of motion, loss of grip, swelling, numbness, tingling, and weakness to an extent not experienced by the average person.

9.     As a result of the injury to his wrist Plaintiff properly notified his supervisor of the injury and sought medical treatment from a doctor on or about March 14, 2014. The doctor prescribed treatment for the wrist and placed Plaintiff on restricted duty at his work. After the initial visit, Plaintiff returned to the doctor on April 2, 2014 because of continuing problems with the injury. The doctor scheduled carpal tunnel release surgery for April 10, 2014 and took Plaintiff off work duty as of March 31, 2014 opining that Plaintiff could return to work as of May 12, 2014. However, on April 21, 2014, the doctor extended the return to work date until May 27, 2014. On May 27, 2014, Plaintiff returned to work for Defendant. Later in 2016, Plaintiff was required to have another surgery on his right hand to perform further correction of his carpal tunnel syndrome.

## Cause of Action- Non-Subscriber Duty & Negligence

10.     Defendant, at all times relevant to this suit, was an employer, who was a non-subscriber to the Texas Worker's Compensation system by not providing a qualifying worker's

compensation policy of insurance for its employees as provided by *Texas Labor Code* § 406.033. Because Defendant is a non-subscriber, this cause of action is governed by the provisions of *Texas Labor Code* § 406.033, which waives certain defenses of Defendant as stated in said law.

15. Under the law of Texas, Defendant has a non-delegable and continuous duty to use ordinary care to: (1) provide its employees a reasonably safe workplace; (2) warn employees of the hazards of their employment; (3) furnish reasonably safe machinery, tools or instrumentalities; (4) supervise employee's activity; (5) provide proper training, rules, and regulations for safety; and (6) provide sufficient and careful and competent fellow employees.

16. On the occasion in question on or about March 13, 2014, Defendant was negligent and violated its duties to Plaintiff in the following manner:

> A. In failing to provide reasonably safe tools, instrumentalities, and equipment, as well as a reasonably safe workplace; including failing to furnish Plaintiff with a container with a properly functioning latch, so as not to require Plaintiff to use excessive force to open it resulting in injury to his wrist and hand.
>
> B. In failing to properly supervise the activities of their employees.
>
> D. In failing to provide proper training, rules, and regulations
>
> E. In failing to provide a sufficient number of careful and competent fellow employees.

17. The foregoing acts of negligence were a proximate cause of Plaintiff's damages as hereinafter set forth.

### Bodily Injury Damages of Plaintiff

18. As a proximate result of the incident described above, Plaintiff was caused to suffer physical bodily injuries, and to incur the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were

incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

  B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Physical pain and suffering in the future;

  E. Physical impairment in the past;

  F. Physical impairment in the future;

  G. Mental anguish in the past; and

  H. Mental anguish in the future.

## Prayer

WHEREFORE, Plaintiff requests that on final hearing Plaintiff be awarded damages, as stated above, costs of court, prejudgment interest, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

  WASH & THOMAS
  Attorneys at Law
  6613 Sanger Ave.
  Waco, Texas 76710
  (254) 776-3611
  (254) 776-9217 - Fax Number
  Email- danwash@washthomas.com

  BY: *Danny C. Wash*
    Danny C. Wash
    State Bar No. 20896000
    Attorney for Plaintiff

Plaintiff hereby respectfully demands a trial by jury.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served on the attorney of record for Defendant, on this 31st day of March 2016.

/s/ Danny C. Wash
Danny C. Wash